# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Mary Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:17-cv-1559-PMD-JDA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Enterprise Bank of South Carolina, | ) | |
| David Johns, and Bernard Dickerson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Enterprise Bank's objections to United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R & R") (ECF Nos. 33 & 31). Defendants Enterprise and David Johns[1] moved to dismiss Plaintiff Mary Wilson's claims for retaliation and intentional infliction of emotional distress ("IIED") (ECF No. 12). The Magistrate Judge recommends denying Defendants' motion with respect to Plaintiff's retaliation and IIED claims against Enterprise, but granting the motion with respect to her IIED claim against Johns. For the reasons stated herein, the Court adopts the Magistrate Judge's recommendation.

## **BACKGROUND**

Since the parties have no objections, the Court, finding no clear error, adopts the background set out in the R & R. The Court briefly summarizes that factual and procedural background as relevant.

Plaintiff worked as a teller at the Ehrhardt, South Carolina branch of Enterprise Bank. She alleges that she was groped by Defendant Bernard Dickerson, a fellow bank employee, on multiple occasions during the summer of 2016. After Plaintiff reported the alleged incidents, Dickerson

---

1. Defendant Bernard Dickerson did not participate in this motion or the accompanying objections. The Court refers to Enterprise and Johns as "Defendants."

was terminated.  Despite his termination, Dickerson was still allowed to enter the bank.  While Defendants argue that Dickerson was a bank customer and that he was only allowed in areas open to all bank customers, Plaintiff alleges that he was allowed in employee-only areas.  Plaintiff also alleges that after she reported the incidents, she learned that she was not the first person to report an accusation against Dickerson.  When Plaintiff sought a restraining order against Dickerson, Johns, the Senior Vice President of the bank, and Cara Thomas, a bank supervisor, testified to Dickerson's good character.  Plaintiff then filed this action against Enterprise for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act.  She also sued Enterprise, Johns, and Dickerson for IIED, and she sued Dickerson for false imprisonment, assault, and battery.

## PROCEDURAL HISTORY

On August 14, 2017, Defendants filed their motion to dismiss.  On January 9, the Magistrate Judge issued an R & R recommending that the Court deny Defendants' motion with respect to the retaliation claim and the IIED claim against Enterprise, but grant the motion with respect to the IIED claim against Johns.  Enterprise filed objections on January 23, and Plaintiff replied on January 30.  Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties may make written objections to the R & R within fourteen days after being served with a copy of it.  28 U.S.C. § 636(b)(1).  This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations

in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff was represented by counsel up until the day the R & R was issued but is now proceeding *pro se*. Accordingly, the Court reviews her reply under a less stringent standard than that applied to attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## DISCUSSION

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim "challenges the legal sufficiency" of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true," to allow the court to reasonably infer that the "defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). The pleading must demonstrate that the pleader's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**I.  Retaliation Claim under Title VII**

Enterprise's first objection is that the Magistrate Judge incorrectly concluded that Plaintiff's retaliation claim sufficiently alleges that she suffered a materially adverse employment action.  Title VII prohibits an employer from discriminating against an employee because she has "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  This anti-retaliation provision does not protect an employee from "those petty slights or minor annoyances that often take place at work and that all employees experience."  *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 68 (2006).  However, it "seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms."  *Id.* (*citing Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)).  Thus, the Supreme Court held that the anti-retaliation provision protects employees from actions that a "reasonable employee would have found . . . materially adverse."  *Id.*  The Court further clarified that an action is materially adverse when "it might well have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Id.* (*quoting Rochon v. Gonzales*, 438 F.3d. 1211, 1219 (D.C. Cir. 2006)).  Significantly, to survive a motion to dismiss, a plaintiff does not need to establish a prima facie case of retaliation.  *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).[2]

---

2.  "The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  While an "adverse employment action" is an element of a prima facie case of retaliation, in *Burlington* the Supreme Court discussed the "materially adverse" action standard while reviewing a post-trial motion for judgment as a matter of law, a context that did not require the Court to examine whether the employee had established a prima facie case.  Thus, while Plaintiff does not have to establish a prima facie case to survive Defendants' motion to dismiss, *McCleary-Evans*, 780 F.3d at 585, whether she has alleged a materially adverse action is nonetheless relevant.

The Magistrate Judge found that Plaintiff has sufficiently set forth facts establishing a plausible claim that Enterprise discriminated against her in retaliation for reporting her alleged assaults. The Magistrate Judge did not explicitly state that Plaintiff has alleged a "materially adverse" action, *Burlington*, 548 U.S. at 68, but she did rely on two actions Plaintiff alleges Enterprise took in retaliation for reporting Dickerson. First, she noted that Plaintiff alleges that Enterprise subjected her to intolerable working conditions by allowing Dickerson, who now knew he had been accused by Plaintiff, into both customer and employee-only areas of the bank. Second, the Magistrate Judge noted that Plaintiff alleges that Johns and bank supervisor Cara Thomas testified on behalf of Enterprise at a hearing regarding Plaintiff's request for a restraining order against Dickerson. Plaintiff alleges that their testimony in support of Dickerson was motivated by her reports of his behavior, and the fact that they were "forc[ed] . . . against their inclinations" to fire Dickerson as a result. (Complaint, ECF No. 1, at ¶ 33.) Based on these actions, the Magistrate Judge concluded that Plaintiff has sufficiently alleged that Enterprise discriminated against her because she engaged in the protected activity of reporting Dickerson's alleged sexual harassment, and that Plaintiff's factual assertions, taken as true, made her claim plausible on its face.

The Court agrees that Plaintiff has met her burden. The Court rejects Enterprise's argument that Plaintiff suffered no materially adverse action. A reasonable employee might be dissuaded from reporting an assault if she knew that such reporting could result in her attacker still being allowed in employee-only areas of her work space, now armed with the knowledge that she had reported him. *See Burlington*, 548 U.S. at 68. Similarly, a reasonable employee might be dissuaded from reporting an attacker if she knows that reporting could motivate them to oppose her and testify in her attacker's favor as she attempts to get a restraining order. Since these actions might dissuade a reasonable employee from reporting an incident, the Court agrees that they are

5

materially adverse actions. Because Plaintiff alleges that her reporting caused Enterprise to take materially adverse actions against her, she has set forth a plausible claim of retaliation under Title VII.

## II. IIED Claims

Enterprise's second and third "objections" are not proper objections because they merely repeat arguments that were rejected by the Magistrate Judge. *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). As the Magistrate Judge explained, Defendants are correct that the South Carolina Workers' Compensation Act's exclusivity provision, S.C. Code Ann. § 42-1-540, encompasses IIED claims based on the actions of a fellow employee. *See Dickert v. Metro. Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993). However, the provision does not apply when "the tortfeasor/co-employee is the 'alter ego' of the employer." *Id.* While "supervisory employees such as office manager[s]" cannot be the alter egos of their employer, "'dominant corporate owners and officers' may constitute alter egos." *Id.* As the Magistrate Judge explained, Plaintiff has alleged that Enterprise, acting through its officers (including Senior Vice President Johns and Vice President Gene Varn), subjected her to repeated interactions with Dickerson, whom Enterprise allegedly knew to be a danger to employees, both before and after her alleged assaults and report. As explained in the R & R, Plaintiff's allegation is not confined to the actions of Johns, and Plaintiff need not prove that particular individuals are "dominant owners or officers" in order to survive a motion to dismiss. *Francis*, 588 F.3d at 193. Accordingly, Enterprise's second and third "objections" are overruled.

Finally, neither Plaintiff nor Defendants have made a specific objection to the Magistrate Judge's recommendation to dismiss Plaintiff's IIED claim against Johns. The Court finds no clear

error with that recommendation, though it reiterates that Johns' actions may still be imputed to Enterprise.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Enterprise's objections are **OVERRULED** and that the R & R is **ADOPTED**. Defendants' motion to dismiss is **DENIED** with respect to the retaliation and IIED claims against Enterprise, but **GRANTED** with respect to the IIED claim against Johns.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**February 28, 2018**
**Charleston, South Carolina**